NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
:
STEVEN NATHAN,                           :
                                         :
         Plaintiff,              :
                                         :
         v.                      :   Civil Action No. 12-04753 (JAP)
                                         :
PRINCETON UNIVERSITY,                    :   **OPINION**
                                         :
         Defendant.              :
_____:

PISANO, District Judge.

      Before the Court is *pro se* Plaintiff Steven Nathan's Amended Complaint. Plaintiff alleges that Defendant Princeton University ("Defendant" or "Princeton") engaged in employment discrimination against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 ("Title VII") when it failed to award him a bid for a wood flooring job and failed to hire him for a full-time position. At this time, the Court must review the Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(ii), to determine whether the action should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons discussed below, the Court finds that this action should be dismissed for failure to state a claim.

**I.    Background**

      Plaintiff brings this employment discrimination action against Princeton University, pursuant to Title VII. Plaintiff filed his Complaint on July 31, 2012 [docket entry no. 1] and by Order dated August 17, 2012, the Court granted Plaintiff's application to proceed without prepayment of fees and dismissed the Complaint without prejudice for failure to comply with Rule

8 of the Federal Rules of Civil Procedure ("FRCP") [docket entry no. 3]. The Court granted Plaintiff thirty days to amend the complaint and stated that if Plaintiff filed an amended complaint that complied with the FRCP during that time, the Court would reopen the file. On August 31, 2012, Plaintiff filed a two-page document entitled "Amendment" (the "Amended Complaint") in which he purports to set forth additional allegations relating to his claims [docket entry no. 4]. The following factual allegations are taken from the Amended Complaint, and are accepted as true for purposes of this Court's review only.

Plaintiff makes two separate sets of allegations in the Amended Complaint. Specifically, he contends that Defendant violated Title VII two times "with one leading to another and being continuous." Am. Compl. at 1. First, Plaintiff alleges that in 2000, he was employed as a contractor for Defendant but was denied the opportunity to bid on any wood flooring jobs. *Id.* Plaintiff contends that when he confronted the contract administration and requested a fair bidding process, he was told that he "was hired for cultural and economic diversity" and that he should "do what [he] was told."[1] *Id.* Plaintiff states that he attempted to pursue this issue with the State of New Jersey and that thereafter, he was terminated "as a problem contractor whom performed unsatisfactory work." *Id.* He contends that he tried to continue his work privately, but "derogatory references from Princeton," along with a failing economy and emotional issues due to his denial of opportunity, created financial problems and caused his business to fail. *Id.*

---

[1] Plaintiff does not specifically allege in the Amended Complaint that he was discriminated against on the basis of his race and/or national origin. Rather, he contends that he was only hired for "cultural and economic diversity." *See* Am. Compl. at 1-2. However, Plaintiff alleges in the Complaint that Defendant's conduct was discriminatory with respect to his race and/or national origin. Compl. ¶ 10. The Court is mindful of Plaintiff's *pro se* status and the need to construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, the Court will consider the allegations in the Complaint as a part of the Amended Complaint.

In addition, Plaintiff makes two references to "1606.6 violations" in the Amended Complaint. The Court assumes that Plaintiff is referring to 29 C.F.R. 1606.6, which sets forth guidelines on what may constitute discrimination on the basis of national origin.

Next, Plaintiff alleges that approximately two years ago, he was offered – and accepted – a part-time position at Princeton, as an ID checker in food service. *Id.* at 2. Plaintiff complains that he has occupied this part-time position for the last two years and during that time, he has applied for full time positions eight times "without any response." *Id.* He further alleges that at the beginning of 2012, a full-time position became open following the death of a co-worker. *Id.* Plaintiff informed Defendant that he needed the full-time position, but "somebody else was placed in that position without any posting." *Id.* Plaintiff contends that he asked management about this issue and was told that "that's the way it is and [he] should be looking for employment somewhere else because [he] was not going to go any place here."[2] *Id.* Finally, Plaintiff reiterates that Princeton made derogatory statements and denied him opportunity and alleges that "cultural and economic diversity is the only reason [he is] employed there." *Id.* Plaintiff states that he has physical disabilities and feels like a failure in life. He asks to have his case heard and asserts that he wants to prove his case to better himself and lead a meaningful life.

## II. Discussion

### A. Legal Standard

Where, as here, a litigant is proceeding *in forma pauperis*, the Court is required to review the complaint and to *sua sponte* dismiss any claim that is "frivolous or malicious" or "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In evaluating whether to dismiss a complaint for failure to state a claim, courts must first

---

[2] Plaintiff does not explain exactly when these events took place, but in the EEOC complaint form, which he filed as the original Complaint, he alleges that the discriminatory acts took place on or about March 11, 2012. *See* Compl. ¶ 5.

separate the factual and legal elements of the claims, and accept all of the Plaintiff's well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). All reasonable inferences must be made in the Plaintiff's favor. *Nami v. Fauver*, 82 F.3d 63 (3d Cir. 1996); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994). The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d. Cir. 1997). The Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive dismissal for failure to state a claim, the allegations of the complaint must "plausibly suggest" that the pleader is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson*, 551 U.S. at 94; *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). A *pro se* complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Here, the Court construes Plaintiff's Amended Complaint liberally, as it is required to do, but nonetheless finds that dismissal of the complaint is warranted.

    B.  <u>Plaintiff's Amended Complaint</u>

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Before bringing suit under Title VII, a plaintiff must first file a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Brown v. Gen. Servs. Admin.*, 425 U.S. 820,

832 (1976); *Hornsby v. United States Postal Service*, 787 F.2d 87, 90 (3d Cir. 1986). In a state such as New Jersey with its own agency to which the EEOC must initially refer complaints, Title VII's statute of limitations requires that the Charge be filed within 300 days of the alleged violation. 42 U.S.C. § 2000e-5(e)(1); *Cortes v. UMDNJ*, 391 F. Supp. 2d 298, 309-10 (D.N.J. 2005). Here, Plaintiff's claim fails as a matter of law because his first set of allegations are time-barred and he has not exhausted his administrative remedies. His second set of allegations fail as a matter of law because they fail to state a claim.

      1. *Allegations Relating to Wood Flooring Contracts*

Plaintiff alleges in his EEOC complaint that the discriminatory conduct occurred on or about March 11, 2012. Thereafter, he filed an EEOC Charge and on June 26, 2012, the EEOC issued a right-to-sue letter based on these allegations.[3] Thus, allegations in the Amended Complaint were actionable if they occurred on or after May 16, 2011, *i.e.,* 300 days before March 12, 2012. However, Plaintiff's first claim is based on acts that occurred in 2000, more than ten years earlier. Specifically, he alleges that in 2000, he was denied the opportunity to bid on any wood flooring jobs due to his race and/or national origin. These allegations relate to conduct that took place well outside the 300-day statute of limitations for filing an EEOC Charge and consequently are time-barred. *See Bishop v. New Jersey*, 84 Fed. App'x. 220, 225 (3d Cir. 2004) (holding that Title VII claim was time-barred where plaintiffs filed an EEOC charge more than 300 days after the allegedly discriminatory action); *Cortes*, 391 F. Supp. 2d at 309-10.

Furthermore, these allegations have not been the subject of a Charge filed with the EEOC, as Plaintiff's EEOC Charge only relates to conduct that took place in 2012. Therefore, Plaintiff has not exhausted his procedural remedies as to these allegations and may not seek relief for these

---

[3] Neither the Complaint nor the Amended Complaint sets forth the date on which Plaintiff filed his EEOC charge. However, the Court assumes that the EEOC charge was filed sometime on or after the date on which the allegedly discriminatory acts took place, *i.e.*, on or after March 11, 2012.

claims in federal court.  *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001); *Karipidis v. Ace Gaming LLC*, 2010 U.S. Dist. LEXIS 56617, at *16-17 (D.N.J. 2010) (dismissing certain discrimination claims with prejudice where plaintiff failed to exhaust his administrative remedies prior to bringing suit and holding that where there is an underlying EEOC charge, any claims that are not asserted in such charge are barred) (citing *Webb v. City of Philadelphia*, 562 F.3d 256, 262-63 (3d Cir. 2009)).  Accordingly, these allegations fail to state a claim as a matter of law and must be dismissed.

        2.  *Allegations Regarding Full-Time Employment*

Next, Plaintiff alleges that he was improperly denied full-time employment in violation of Title VII.  In order to establish a case of race or national origin discrimination under Title VII, Plaintiff must show: 1) that he was a member of a protected class, 2) that he was qualified for the job, and 3) that he suffered an adverse employment action; 4) under circumstances that give rise to an inference of discrimination, such as another person outside the protected class being treated more favorably.  *See Sarullo v. U.S. Postal Service*, 352 F.3d 789, 797 (3d Cir. 2003); *Abramson v. William Paterson College of N.J.*, 260 F.3d 265, 281-82 (3d Cir. 2001).

Here, Plaintiff fails to allege a *prima facie* case of discrimination against Princeton.  As an initial matter, Plaintiff does not allege any facts establishing that he is a member of a protected class.  However, even assuming that Plaintiff is in fact a member of a protected class, he alleges no facts in the Amended Complaint that would raise an inference of discriminatory animus by Defendant.  The only factual allegations provided by Plaintiff are that he was not hired for a full-position after submitting multiple applications and that Defendant hired someone else to fill an open full-time position.  Plaintiff's allegations of discrimination consist solely of conclusory assertions that these actions were the result of discrimination based on his race or national origin.  Indeed, Plaintiff has alleged no acts of disparate treatment of any kind by Defendant.  Moreover,

Plaintiff has failed to allege any causal nexus between Plaintiff's purported membership in a protected class and the alleged discriminatory actions. Simply because an individual belongs in a protected class and experiences an adverse employment action does not raise an inference that the action was due to discrimination. *See Guirguis v. Movers Specialty Servs, Inc.*, 346 Fed App'x 774, 776 (3d Cir. 2009) (allegations that plaintiff was of Arab descent and was terminated and, therefore, his civil rights were violated "is precisely the type of factually unsupported legal conclusion that is inadequate" to avoid dismissal for failure to state a claim).

The remainder of Plaintiff's Amended Complaint appears to be frivolous, but, in any event, the Amended Complaint lacks enough factual matter to state a claim under the Rule 8 pleading standard. *See Iqbal*, 556 U.S. at 678*;* Fed. R. Civ. P. 8. Consequently, the Court shall dismiss the Amended Complaint.

### III.     Conclusion

For the reasons above, the Court finds that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and must be dismissed. Because the Court has already granted Plaintiff leave to amend and finds that there are no facts Plaintiff could prove in support of his claim, the Court will dismiss the Amended Complaint with prejudice, pursuant to 28 U.S.C. § 1915(e)(2). An appropriate Order accompanies this Opinion.


                                        /s/ Joel A. Pisano
                                        JOEL A. PISANO, U.S.D.J.

Dated: October 9, 2012